CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 3 0 2008

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JAMES WILLIAMS,                    )
    Petitioner,                  )        Civil Action No. 7:08cv00424
                                   )
v.                                 )        **MEMORANDUM OPINION**
                                   )
TERRY O'BRIEN,                     )        By:  Hon. Glen E. Conrad
    Respondent.                  )        United States District Judge

Petitioner James Williams, Federal Register No. 31734-037, a federal inmate currently in custody at United States Penitentiary Lee ("USP Lee"), in Jonesville, Virginia, filed this pro se action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges prison disciplinary sanctions he received pursuant to the decision of a Discipline Hearing Officer ("DHO") on November 3, 2006. Petitioner requests relief in the form of expungement of his disciplinary record.[1] Upon review of the petition, the court finds that it is without merit and must be dismissed.

Petitioner has not submitted a copy of the incident report pursuant to which he was subjected to a disciplinary hearing. However, he has submitted a copy of the April 2, 2008, decision of a

---

[1] Petitioner states that expungement of his disciplinary record is the "only practical form of redress" and does not explicitly challenge the computation of his sentence and seek the restoration of forfeited good conduct time ("GCT"). However, given that petitioner lost GCT as part of the imposed sanctions, the court will construe the petition as seeking the restoration of forfeited GCT, and thus as challenging the computation of his sentence. Attacks on the execution of a sentence are properly raised in a § 2241 petition. In re Vial, 115 F.3d 1192, 1194 n. 5 (1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n. 1 (7th Cir. 1982) (noting that a federal prisoner's challenge to parole revocation proceedings is properly brought under § 2241)). Petitions under § 2241 are often used to challenge some aspect of the execution of an inmate's sentence, rather than the legality of that inmate's confinement itself, and must be filed in the district of confinement, rather than in the sentencing court, and should name as respondent the warden of the prison facility where the inmate is confined. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). The statute of limitations and other gate-keeping provisions laid out in 28 U.S.C. § 2255 do not apply to petitions brought pursuant to § 2241; however, petitioners are not permitted to circumvent the procedural requirements and gate-keeping mechanisms of §§ 2254 and 2255 merely by labeling a petition as one brought under § 2241. Woodfin v. Angelone, 213 F. Supp.2d 593, 595 (2002) (citing In re Vial, 115 F.3d at 1194). Nonetheless, "[w]hen . . . § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241." In re Vial, 115 F.3d at 1194.

National Inmate Appeals administrator, denying his appeal of the outcome of the disciplinary hearing.[2] The denial stated, in pertinent part:

> You appeal the November 3, 2006, decision of the Discipline Hearing Officer (DHO) regarding incident report #1525840, in which you were found to have committed the prohibited act of Introduction of Any Narcotics, Marijuana, Drugs, or Related Paraphernalia not Prescribed for the Individual by the Medical Staff – Aiding, Attempting or Making Plans to (code 111A). You request expungement of the incident report.
>
> Our review of this matter reveals the Regional Director has adequately addressed your concerns. Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, Inmate Discipline and Special Housing Units. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the reporting officer's account of the incident. Although you dispute the charge, the evidence is sufficient to support the finding.
>
> Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed. Each of your Due Process rights were upheld during the discipline process. The greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

---

[2] Petitioner's appeal, dated February 8, 2008, stated the following reasons for his appeal (verbatim quote):

The decision pertaining my recent Appeal – regarding DHO decision of Nov.3,06 for attempt intro of narcotic (code 111(a)). I requested that the infraction be expunged – because there was no other reasonable remedy . . . in light of the circumstances that occurred beyond my controll in the case . . . **see attachment #1.**

The issue regarding the fact that I was prevented from beeing able to appeal ther DHO Dedcision and snction because of the failure of the DHO to provide the DHO report in a timely manere . **see attachment #1.** These issues were neever addressed in the BP 10 Appeal. Nor was the evidence I submitted in support of the excuse for the delay in filing.ie, **( memo from Unit team that it was no fault of mine )** See attachment #1 this evidence was never returned by the BP 10 administer who reviewed the issue. Which is further indication that the pertinent facts, evidence may have been overlooked of lost. . . **( please contact Unit team, D.Willis )** to verify attachment #1.

I again ask that the incident report at issue be expunged in the way that is just an reasonably under the unique circumstances of this case. Thank you.

2

You contend you did not receive a copy of the DHO report within the time parameter required by policy. Program Statement 5270.07 provides that the DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision. Review of the record reveals that the DHO report was issued on June 25, 2007, which is beyond the ten-day requirement. However, there is no evidence that this delay had any adverse impact on your ability to appeal the DHO's decision. The issuance of the DHO report is not a Due Process element of the prison discipline process, has no bearing on the validity of the underlying disciplinary action and does not cause the incident report to be expunged.

Petitioner now contends that his due process rights were violated by the delay in issuing the DHO report.[3] The claim fails.

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court found that inmates subject to disciplinary hearings where they may lose good time credits are entitled to the following due process guarantees: (1) advanced written notice of the claimed violation; (2) disclosure of evidence against the defender; (3) the right to confront and cross-examine witnesses (unless the hearing officer finds good cause not to allow confrontation); (4) a neutral detached hearing body; and (5) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 564-71.

Petitioner does not allege that he did not receive advanced written notice of the claimed violation or disclosure of the evidence against him. Id. Nor does he express any challenge to the neutrality or detachment of the hearing body, and he does not allege that he was not allowed to make a statement or cross-examine witnesses at the hearing. Id. Construing the petition liberally, petitioner argues only that the DHO failed to satisfy the guarantees mandated by Wolff because the delay between the hearing and the written DHO report violated his right to receive a written

---

[3] To recapitulate, the DHO rendered its decision on November 3, 2006, but did not issue an official report until June 25, 2007.

3

statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. Id. However, the petition acknowledges that petitioner did eventually receive the DHO report, regardless of its belatedness, and it is clear that he was permitted to raise an appeal of the DHO's decision once the report was issued.[4] In short, petitioner raises no material dispute with the facts as summarized by the National Inmate Appeals administrator. Thus, applying the Wolff standard, the petition must fail. It is clear that adequate procedural protections were provided, permitting petitioner to present a defense; the DHO, however, did not accept petitioner's defense. Federal courts will not review the accuracy of a disciplinary committee's finding of fact. Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982); see also Chevron v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984) (an agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute). Petitioner has

---

[4] Petitioner could not appeal the DHO's decision until the DHO issued its report, and his appeals of the DHO's decision initially were rejected as untimely. However, petitioner was given the opportunity to demonstrate that the delay was not his fault. BOP personnel submitted a staff memorandum on BOP letterhead, as required by the Administrative Remedy Coordinator of the BOP's Mid-Atlantic Regional Office, verifying that the delay was not petitioner's fault, and his appeal was considered on its merits. Petitioner was able to pursue his appeal of the DHO's decision, and petitioner fails to show that the belated issuance of the DHO report affected his due process right to present a proper defense at the disciplinary hearing regarding the specific conduct at issue. See Smith v. Bureau of Prisons, et al., Civil Action No. 7:03-cv-00662, slip op. at 9-10 (W.D. Va. September 7, 2004) (concluding that the Wolff notice requirements had been met, regardless of belated delivery of the incident report to the inmate and alleged factual errors in the report, because the description of the incident in the incident report provided the inmate notice of the potential charges). The court adds that 28 C.F.R. § 541.17, the federal regulation that sets out the BOP's procedures before a discipline hearing officer and provides the operative language for Program Statement 5270.07, states in subparagraph (g) that "[t]he DHO shall give the inmate a written copy of the decisions and disposition, **ordinarily** within 10 days of the DHO's decision." (Emphasis added.) To the extent petitioner asserts that the BOP's failure to abide by its own regulations vests in him a constitutional claim, the claim fails. See United States v. Caceres, 440 U.S. 741, 751-52 (1978) (violation of agency regulation does not raise constitutional question).

failed to make any such showing sufficient to displace the DHO's findings of fact.[5] Therefore, the court finds that relief should be denied because it is clear that petitioner received adequate due process regarding the alleged disciplinary infraction.

Based on the foregoing, the court finds that petitioner's claims lack sufficient merit to warrant the requested relief. Accordingly, the court will dismiss the petition. An appropriate order will be entered this day.

ENTER: This _30ᵗʰ_ day of July, 2008.

_Glen Conrad_
United States District Judge

---

[5] Petitioner does not contend that the DHO's decision was completely unsupported by the evidence, and the Supreme Court held in Superintendent v. Hill, 472 U.S. 445, 455 (1985) that "[t]he requirements of due process are satisfied if **some evidence** supports the decision by the prison disciplinary board to revoke good time credits." (Emphasis added.) Petitioner states that he was "accused of writting [sic] a cryptic letters [sic] that prison mail staff construed as 111(A) attempt to introduce narcotics," but that no narcotics ever "materialized," nor were any narcotics "confiscated, identified or seized or attempted to introduce." However, petitioner states that he "admitted to attempting to retrieve [illegible] tobacco products" and, given this admission, his allegations do not suggest that the disciplinary hearing received insufficient evidence to support the DHO's finding that he violated the BOP's offense code 111, "Introduction of any narcotics, marijuana, drugs, or related paraphernalia not prescribed for the individual by the medical staff." See 28 C.F.R. § 541.13, Table 3.

5